**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DIANA COATES,**

                      **Plaintiff,**                      5:12-cv-1340
                                                                     (GLS)

                      v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social
Security,[1]

                      **Defendant.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Olinsky Law Group                   HOWARD D. OLINSKY, ESQ.
300 S. State Street
5th Floor, Suite 520
Syracuse, NY 13202

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN     ELIZABETH D. ROTHSTEIN
United States Attorney              Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904

---

[1] The Clerk is directed to substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for defendant Michael J. Astrue, and amend the caption accordingly. *See* Fed. R. Civ. P. 25(d).

New York, NY 10278

**Gary L. Sharpe**
**Chief Judge**

# **MEMORANDUM-DECISION AND ORDER**

## **I. Introduction**

Plaintiff Diana Coates challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (*See* Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Coates' arguments, the court affirms the Commissioner's decision and dismisses the Complaint.

## **II. Background**

On July 21, 2009 Coates filed applications for DIB and SSI under the Social Security Act ("the Act"), alleging disability since August 1, 2004. (*See* Tr.[2] at 106-07, 213-19.) After her application was denied, (*see id.* at 125-32), Coates requested a hearing before an Administrative Law Judge (ALJ), which was held on December 1, 2010, (*see id.* at 66-105, 133-34). During the hearing, Coates amended her alleged onset date of disability to

---

[2] Page references preceded by "Tr." are to the Administrative Transcript. (*See* Dkt. No. 9.)

November 5, 2008, the date following the denial of her previous applications for DIB and SSI. (*See id.* at 18, 69, 110-24.) On January 13, 2011, the ALJ issued an unfavorable decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*See id.* at 1-7, 15-31.)

Coates commenced the present action by filing her Complaint on August 28, 2012 wherein she sought review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 8, 9.) Each party, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos. 12, 15.)

### III. <u>Contentions</u>

Coates contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (*See* Dkt. No. 12 at 12-21.) Specifically, Coates claims that the ALJ erred in: (1) weighing the opinion evidence; (2) improperly assessing her credibility; and (3) finding that she could perform other work in the national economy. (*See id.*) The Commissioner counters that the appropriate legal standards were used by

the ALJ and her decision is also supported by substantial evidence. (*See* Dkt. No. 15 at 15-25.)

## IV. Facts

The court adopts the parties' undisputed factual recitations. (*See* Dkt. No. 12 at 2-10; Dkt. No. 15 at 2-13.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[3] is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. Weighing Opinion Evidence

First, Coates argues that the ALJ erred in determining her residual

---

[3] Review under 42 U.S.C. §§ 405(g) and 1383(c)(3) is identical. As such, parallel citations to the Regulations governing SSI are omitted.

4

functional capacity (RFC)[4] by affording inadequate weight to the opinions of her treating sources. (*See* Dkt. No. 12 at 12-18.) According to Coates, remand is required because the opinions of nurse practitioner Lorna Forbes and physician Errol McKenzie were improperly evaluated by the ALJ and deserve more than "little weight." (*Id.*) The court disagrees.

Medical opinions, regardless of the source, are evaluated by considering several factors outlined in 20 C.F.R. § 404.1527(c). Controlling weight will be given to a treating source's opinion on the nature and severity of a claimant's impairments where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence."[5] 20 C.F.R. § 404.1527(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). When a treating source's opinion is given less than controlling weight, the ALJ is required to consider the following factors: the length, nature and

---

[4] A claimant's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

[5] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

extent of the treatment relationship; the frequency of examination; evidentiary support offered; consistency with the record as a whole; and specialization of the examiner. 20 C.F.R. §§ 404.1527(c)(2)-(6). The ALJ must provide "'good reasons' for the weight given to the treating source's opinion." *Petrie v. Astrue*, 412 F. App'x 401, 407 (2d Cir. 2011) (citations omitted).

Here, the ALJ gave "little weight" to the opinion of Forbes who opined that Coates could sit for fifteen minutes at a time, for a total of two hours in an eight-hour day, and walk for three to four city blocks and stand for ten minutes at a time, for a total of two hours in an eight-hour day. (Tr. at 24; *see id.* at 373.) In addition, Forbes opined that Coates required the ability to shift positions at will, required six or more unscheduled breaks a day, could occasionally lift less than ten pounds, and rarely lift ten pounds. (*See id.* at 373-74.) According to Forbes, Coates could never climb ladders, rarely twist, stoop, bend, crouch, or squat, and occasionally climb stairs. (*See id.* at 374.) Forbes further opined that Coates could occasionally grasp, turn, or twist objects using her hands, perform fine manipulations with her fingers, and reach. (*See id.*) With respect to her mental abilities, Forbes opined that Coates was unable to meet competitive

6

standards in numerous areas including maintaining attention, working in coordination with or proximity to others without being distracted, making simple work-related decisions, and maintaining regular attendance and being punctual. (*See id.* at 375.) In her opinion, Coates' ability to remember work-like procedures, understand, remember, and carry out very short and simple instructions, ask simple questions, and get along with coworkers was seriously limited, but not precluded. (*See id.*) The ALJ discounted Forbes' opinion because she was not an acceptable medical source and, thus, her opinion was not entitled to as much weight as licensed physicians. (*See id.* at 24.)

Coates argues that the ALJ should have evaluated Forbes' opinion based on the factors required under 20 C.F.R. § 404.1527(c), including the nature of their treatment relationship, the supportability of her opinion, and the consistency with other evidence of record. (*See* Dkt. No. 12 at 12-15.) The Commissioner argues, and the court agrees, that the ALJ properly discounted Forbes' opinion because it was inconsistent with the evidence of record, including the opinions of Dr. McKenzie and consultative examiners Kalyani Ganesh and Kristen Barry. (*See* Dkt. No. 15 at 19-21; Tr. at 24-25, 361-71, 373-74.) In particular, Dr. McKenzie opined that there

7

was no evidence of limitation with respect to Coates' ability to sit or use her hands, and Coates was only moderately limited in her ability to push, pull, bend, lift, and carry. (*See* Tr. at 371.) According to Dr. Ganesh, Coates was mildly limited in her ability to lift, carry, push, and pull, but suffered no gross limitation in her ability to sit, stand, walk, or use her upper extremities. (*See id.* at 364.) With respect to her mental abilities, Dr. Barry opined that Coates was capable of following and understanding simple instructions, maintaining attention and concentration, and performing simple tasks independently. (*See id.* at 368.) In addition, medical consultant T. Harding opined that Coates could follow, understand, and perform simple tasks, learn new tasks, maintain attention and concentration, maintain a regular routine and schedule, and make simple work related decisions independently. (*See id.* at 351-53.) According to Harding, Coates may be able to perform more complex tasks with supervision. (*See id.* at 353.)

  The ALJ was correct in noting that nurse practitioners are not "acceptable medical sources" whose medical opinions may be entitled to controlling weight, but rather are considered "other sources" whose opinions "should be evaluated on key issues such as impairment severity

8

and functional effects, along with the other relevant evidence in the file."
SSR 06-03p, 71 Fed. Reg. 45,593, 45,595 (Aug. 9, 2006); (*see* Tr. at 24);
20 C.F.R. § 404.1513(a), (d)(1); *Crysler v. Astrue*, 563 F. Supp. 2d 418,
434-35 (N.D.N.Y. 2008). Given that Forbes is not an acceptable medical
source, and in light of the inconsistencies with the other evidence in the
record, the ALJ properly exercised her discretion and appropriately
discounted Forbes' opinion in favor of the other medical opinions of record.
(*See* Tr. at 24-25); *Diaz v. Shalala*, 59 F.3d 307, 313-14 (2d Cir. 1995)
(explaining that an ALJ has the discretion to determine the appropriate
amount of weight to accord to the opinions of non-medical sources).

The ALJ also gave "little weight" to the opinion of Dr. McKenzie,
explaining that he failed to specify what amount of weight Coates remained
capable of carrying, and the record lacked treatment notes from Dr.
McKenzie, preventing the ALJ from evaluating his treatment relationship
with Coates. (Tr. at 25.) As Coates points out, (*see* Dkt. No. 12 at 17-18),
the record before the ALJ included treatment notes from Dr. McKenzie,
who in addition to completing the May 20, 2010 medical report containing
his estimated functional limitations for Coates, examined her on February
16, 2009 and April 27, 2009, and referred her for x-rays of her foot, taken

9

on April 28, 2009, (s*ee* Tr. at 356-60, 370-71).  Contrary to the Commissioner's contention, (*see* Dkt. No. 15 at 16-17), the ALJ's apparent lack of awareness that the record contained evaluation and treatment notes by Dr. McKenzie indicates that she did not properly consider the length, nature and extent of the treatment relationship, or the frequency of examination, as required by 20 C.F.R. § 404.1527.  "[W]here there is a reasonable basis for doubting whether the Commissioner applied the appropriate legal standards, even if the ultimate decision may be arguable [sic] supported by substantial evidence, the Commissioner's decision may not be affirmed."  *Martone v. Apfel*, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987).  However, the need for agency reconsideration gives way "where application of the correct legal principles to the record could lead to only one conclusion."  *Johnson*, 817 F.2d*.* at 986.

Here, Dr. McKenzie opined that Coates suffered no limitation[6] in her ability to sit, see, hear, speak, or use her hands, and only a moderate

---

[6] "No evidence of limitation" was defined on Dr. McKenzie's medical report as an ability to perform an activity for more than four hours a day.  (Tr. at 371.)

10

limitation[7] in her ability to push, pull, bend, lift or carry, but was very limited[8] in her ability to stand, walk, and climb. (*See* Tr. at 371.) The ALJ concluded that her RFC determination was consistent with his opinion. (*See id.* at 25.) Assuming, without deciding, that this conclusion was incorrect, Dr. McKenzie's opinion is, at least, consistent with an ability to perform sedentary work.[9] The vocational expert testified that an individual with Coates' past relevant work, age, and education, who was limited to simple, routine, repetitive tasks, in a low stress environment, who could only perform sedentary work, and required the ability to alternate between sitting and standing could perform other work in the national economy. (*See id.* at 95-96, 98-99.) Accordingly, the ALJ's failure to properly evaluate Dr. McKenzie's opinion is harmless error.

**B.** **Credibility**

Next, Coates contends that the ALJ's credibility finding was

---

[7] "Moderately limited" was defined on Dr. McKenzie's medical report as an ability to perform an activity for two to four hours a day. (Tr. at 371.)

[8] "Very limited" was defined on Dr. McKenzie's medical report as an ability to perform an activity for one to two hours a day. (Tr. at 371.)

[9] "Sedentary work involves lifting no more than [ten] pounds at a time." 20 C.F.R. § 404.1567(a). In addition, the full range of sedentary work requires that an individual be able to stand and walk for a total of approximately two hours and remain in a seated position for approximately six hours in an eight-hour work day. *See* SSR 96-9p, 61 Fed. Reg. 34,478, 34,481-82 (July 2, 1996).

11

unsupported by substantial evidence.  (*See* Dkt. No. 12 at 18-20.)  The Commissioner counters, and the court agrees, that the ALJ properly assessed Coates' credibility and her determination is supported by substantial evidence.  (*See* Dkt. No. 15 at 22-24.)

Once the ALJ determines that the claimant suffers from a "medically determinable impairment[] that could reasonably be expected to produce the [symptoms] alleged," she "must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's [subjective] contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry."  *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (internal quotation marks and citations omitted).  In performing this analysis, the ALJ "must consider the entire case record and give specific reasons for the weight given to the [claimant's] statements."  SSR 96-7p, 61 Fed. Reg. 34,483, 34,485 (July 2, 1996).  Specifically, in addition to the objective medical evidence, the ALJ must consider the following factors: "1) daily activities; 2) location, duration, frequency and intensity of any symptoms; 3) precipitating and aggravating factors; 4) type, dosage, effectiveness, and side effects of any medications taken; 5) other treatment received; and 6)

12

other measures taken to relieve symptoms." *F.S. v. Astrue*, No. 1:10-CV-444, 2012 WL 514944, at *19 (N.D.N.Y. Feb. 15, 2012) (citing 20 C.F.R. §§ 404.1529(c)(3)(i)-(vi), 416.929(c)(3)(i)-(vi)).

Here, the ALJ concluded that Coates' statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with the ALJ's RFC determination. (*See* Tr. at 23.) The ALJ explained that the objective medical evidence and opinion evidence of record were inconsistent with Coates' allegations. (*See id.* at 23-25.) The ALJ noted the fact that Coates had merely been prescribed a non-narcotic muscle relaxant for her neck and back pain. (*See id.* at 23.) In addition, the ALJ noted that Coates was not currently receiving mental health treatment from a psychologist, psychiatrist, or licensed clinical social worker, but rather from nurse Forbes. (*See id.* at 24.) Although Coates testified that she received mental health treatment for a period of time from Catholic Charities, she failed to produce any such treatment records. (*See id.*) Further, the ALJ considered the fact that Coates, who had a history of alcohol abuse, gave vague answers when asked about her continued consumption of alcohol during her consultative exam with Dr. Barry. (*See id.* at 24, 366.)

13

Coates contends that the ALJ erred in failing to consider her explanation for her lack of treatment with a mental health specialist, specifically, that she was unable to find a psychiatrist who was accepting new patients. (*See* Dkt. No. 12 at 19.) Nevertheless, Coates testified that she chose to discontinue treatment at Catholic Charities because it made her "more depressed," and, further, the ALJ correctly noted that she failed to submit records of her treatment there. (Tr. at 78; *see id.* at 24, 82-83.) Thus, the ALJ's consideration of Coates' lack of mental health treatment was appropriate. *See* 20 C.F.R. § 404.1529(c)(3)(v). Coates also argues that the ALJ misstated the facts with respect to her use of medication to relieve her back and neck pain. (*See* Dkt. No. 12 at 19-20; Tr. at 23.) While it appears that the ALJ misread the record evidence regarding the medication Coates was prescribed to alleviate her pain, it cannot be said that the ALJ's credibility determination was based largely on factual errors such that remand would be necessary. (*See* Tr. at 23, 305-06, 357, 389); *see Horan v. Astrue*, 350 F. App'x 483, 484-85 (2d Cir. 2009). Indeed, the ALJ correctly noted that Coates had been prescribed physical therapy in December 2010 due to her neck and back pain. (*See* Tr. at 23.) Moreover, Coates reported to Dr. Ganesh in September 2009, that she

14

was not receiving any specific treatment for her neck or back pain, including physical therapy or chiropractic treatment, and she testified at the December 2010 hearing that she had last been to physical therapy in 2004. (*See id.* at 84, 361.) Thus, to the extent that the ALJ discounted Coates credibility due to her lack of treatment for neck and back pain, her decision was supported by substantial evidence.

Finally, although Coates alleges that the ALJ impermissibly determined her RFC first, and then used that RFC to evaluate the consistency of her subjective complaints, (*see* Dkt. No. 12 at 20), it is clear that the ALJ undertook a detailed credibility analysis, and that her reference to consistency with the RFC determination was merely an indication that the RFC determination incorporated those findings. (*See* Tr. at 23-25.) In sum, the ALJ's credibility determination was sufficiently articulate and based on substantial evidence and is, therefore, conclusive.

## C. <u>Vocational Expert</u>

Lastly, Coates argues that, because the hypothetical question posed to the vocational expert was incomplete, the ALJ's determination at step five is not supported by substantial evidence. (*See* Dkt. No. 12 at 20-21.) Specifically, she alleges that the ALJ's errors in assessing her RFC and

15

credibility, along with a failure to explicitly include in the hypothetical question the limitations articulated by Forbes fatally undermine the step-five determination. (*See id*.) However, as the court has already found that the ALJ's determinations in each of these disputed areas is sound and supported by substantial evidence, it suffices to say that Coates' argument is untenable. As a result, the ALJ's use of the VE's opinion was appropriate. (*See* Tr. at 26-27.) The ALJ's determination at step five is, therefore, affirmed.

## D. Remaining Findings and Conclusions

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Clerk is directed to substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for defendant Michael J. Astrue, and amend the caption accordingly; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Coates' Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this

Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June19, 2013
Albany, New York